ANYELO CANATE GALLARDO,

                Petitioner,

v.

RAUL MALDONADO, Warden,
Metropolitan Detention Center; TODD
LYONS, Acting Director, U.S. Immigration
and Customs Enforcement; and PAMELA
BONDI, U.S. Attorney General,

                Respondents.

**<u>MEMORANDUM & ORDER</u>**
26-CV-01685 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On February 14, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested

Petitioner Anyelo Canate Gallardo ("Petitioner") on Long Island. Petitioner was then transferred

to the Metropolitan Detention Center in Brooklyn ("MDC"), where he remains detained. He

now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] For the reasons

that follow, his Petition is GRANTED.

## <u>BACKGROUND</u>

According to the government, Petitioner, a Venezuelan citizen, arrived in the United

States on June 14, 2022. ECF No. 7 at 2. Petitioner was processed for expedited removal, but on

June 15, 2022, he instead was released on parole pursuant to 8 U.S.C. § 1182(d)(5)(A), which

was automatically terminated a year later. *Id.*; ECF No. 7-1 at 40. Before that termination date,

Petitioner applied for asylum and withholding of removal, and his application remains pending.

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits
all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court
refers to the pages assigned by the Electronic Case Files system ("ECF").

ECF No. 7 at 2; ECF No. 7-1 at 5.  Petitioner asserts he "has never been arrested for, charged with, or convicted of a crime in the United States or any other country."  ECF No. 1 ¶ 22.  The government does not refute that assertion.  However, on February 14, 2026, Petitioner was pulled over and arrested by ICE in Valley Stream, and was thereafter served a Notice of Appearance ("NTA") and charged as removable.  *Id.* ¶¶ 15–18; ECF No. 7 at 2.

On March 20, 2026, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus.  ECF No. 1 ("Petition").  Three days later, the Court issued an Order to Show Cause directing the government to show cause why a writ of habeas corpus should not be granted, why it should not be ordered to immediately release Petitioner from detention, and whether the instant Petition is controlled by this Court's prior opinions in *O.F.B. v. Maldonado*, No. 25-cv-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), *R.P.L. v. Maldonado*, No. 25-cv-6886, 2025 WL 3731864 (E.D.N.Y. Dec. 26, 2025), and *Ndiaye v. Francis*, No. 26-cv-0069, 2026 WL 99930 (E.D.N.Y. Jan. 14, 2026).[2]  *See* Mar. 23, 2026, Text Order.

The government filed its response on March 25, 2026, *see* ECF No. 7 ("Response"), where it noted that, while it disagrees with the Court's rejection of its argument that 8 U.S.C. § 1225 applies to noncitizens who had been living in the country before they were detained, it nevertheless acknowledges that "if this Court were to apply the reasoning of its decisions in *O.F.B.*, *R.P.L.*, and *Ndiaye* to this case, those prior opinions would control the Court's determination of this Petition."  *Id.* at 2.

---

[2]     In the interest of judicial economy, the Court does not repeat the legal discussions and analyses from those cases in this Order but instead incorporates same by reference herein.

The Court issues the instant Order before Petitioner's deadline to file a reply in light of its obligation to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require." 28 U.S.C. § 2243.

**LEGAL STANDARD**

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

**DISCUSSION**

In the instant petition, Petitioner seeks a writ of habeas corpus based on a violation of the Due Process Clause of the Fifth Amendment. *See* ECF No. 1 at 5–6.

In response, the government reiterates its now-familiar position—that "Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A)," ECF No. 7 at 2—despite sweeping rejection by district courts across the country. The government does not repeat its statutory interpretation arguments in opposing the Petition, and it need not, because the result of this case is the same as that in *O.F.B.*, 2025 WL 3277677, *R.P.L.*, 2025 WL 3731864, and *Ndiaye*, 2026 WL 99930. And, for the reasons this Court has already articulated in those cases (and hundreds of others across the country), the Court concludes that Petitioner is currently being

detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth Amendment. *See O.F.B.*, 2025 WL 3277677, at *3–6; *R.P.L.*, 2025 WL 3731864, at *2–4; *Ndiaye*, 2026 WL 99930, at *3; *see also, e.g.*, *Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569, at *3 (E.D.N.Y. Jan. 6, 2026) (collecting cases from courts "within the Eastern District of New York . . . [that] have [] rejected the government's interpretation.").[3]

Accordingly, because the "typical remedy" for "unlawful executive detention" is "of course, release," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release, *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[R]elease from illegal custody" is the "usual remedy by which a man is restored again to his liberty, if he ha[s] been against law deprived of it.").

**CONCLUSION**

For the reasons stated above, Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and his petition for a writ of habeas corpus, ECF No. 1, is GRANTED.

The government is directed to immediately release Petitioner from custody and is further directed to certify compliance with the Court's Order by filing a letter on the docket no later than 12:00 p.m. on March 26, 2026. The Court further orders that Petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where Respondents will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). This Order includes "an injunction barring deprivation [of

---

[3] For the reasons articulated in *O.F.B.*, which similarly involved a petitioner whose § 1182(d)(5) parole had expired, I find that even if Section 1225 applies, Petitioner is being detained in violation of ICE's own regulations (specifically, 8 C.F.R. § 212.5(e)(1) and (2)) and the Fifth Amendment. *See* 2025 WL 3277677, at *6–7.

4

any] of the [Petitioner's] rights without the requisite procedural protections." *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements" and return petitioner to "the status quo ante").

For the avoidance of doubt, nothing in this Order shall be construed as a determination of the lawfulness of the government's right to detain Petitioner in the future pursuant to 8 U.S.C. § 1226(a), nor shall anything herein be construed as to preclude the government from holding a hearing pursuant to 8 U.S.C. § 1226(a) if it seeks to detain Petitioner in the future. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
March 25, 2026